[L. A. No. 13231. In Bank.—September 28, 1933.]

CLARA E. HUNTOON et al., Appellants, v. SOUTHERN TRUST & COMMERCE BANK (a Corporation) et al., Respondents.

Carl E. Croson and F. L. Richardson for Appellants.

Wright & McKee and C. M. Monroe for Respondents.

THE COURT.—This is an action for an accounting and to compel a conveyance. Mary Moser, deceased, was the mother of defendant E. L. Head and plaintiff Clara E. Huntoon. On May 21, 1920, the mother made a deed of several pieces of real estate to defendant Southern Trust

and Commerce Bank, as trustee, with power to sell and convey the same, and delivered said trust deed to the grantee, together with a letter of instructions, directing that the property should be sold for certain prices "net to me", and continuing as follows: "In the event of sale, I hereby authorize you to deduct the expense of sale and to remit one-half the proceeds to me or to my son, Mr. E. L. Head of Sacramento, California, and the remaining half to Wright & McKee, attorneys at law, San Diego, California." The bank thereupon executed a declaration of trust, stating that it held the property in trust for E. L. Head and Wright & McKee "hereinafter called the beneficiaries, in the proportion of one-half each". Mrs. Moser died in November, 1926. Shortly thereafter the bank sold the most valuable property and remitted the proceeds to Head and to Wright & McKee in equal parts. Plaintiff and other heirs at law, legatees and devisees of Mrs. Moser brought this action to recover the money and the remaining property for the estate.

The lower court found that a valid trust had been created in favor of the above-named beneficiaries; that each had given valuable consideration for the same, Head having cared for his mother, and the attorneys having rendered services in procuring property and family allowance from the estate of her deceased husband; that the trustee had accepted the trust, and that Mary Moser had lost all interest in the property. These findings were based on uncontradicted evidence. Judgment was given for defendants.

In their appeal plaintiffs contend that the trust expired by reason of the period which elapsed between its creation and the time of sale; and also by reason of the death of Mrs. Moser prior to the sale. No authority is cited which tends in any way to support this proposition, the cases dealing with agent's authority being wholly irrelevant. It is further contended that the words "net to me" in the letter of instructions indicated that Mrs. Moser alone was to receive the proceeds. A glance at the rest of the instrument, and a consideration of the whole transaction, shows how narrow is this construction. We are satisfied that the trial court correctly interpreted the instruments, and this disposes of the appellant's case.

The judgment is affirmed.